831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John C. SHIMMAN, Plaintiff-Appellee,
v.
Terry Oliver GROTHAUS; James Oliver Grothaus; and John
Frank, Defendants-Appellants,
International Union of Operating Engineers, Local 18, et al,
Defendants.
 No. 86-3880
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Individual defendants, John Frank, James O. Grothaus, and Terry Oliver Grothaus, appeal the judgment of the United States District Court for the Northern District of Ohio denying their 60(b) motion for relief from a judgment awarding attorney fees to plaintiff Shimman.
 
 
 2
 This case began in 1973 and has been before this court five different times. On October 16, 1975, the district court found both Local 18 of the International Union of Operating Engineers (Local 18) and the three individual defendants liable on Shimman's claims under the Landrum-Griffin Act and on Shimman's pendent state law claim of assault and battery. The district court's judgment was affirmed by the Sixth Circuit on May 21, 1980, but was modified slightly by reducing the punitive damage award. Following the appeal, on July 28, 1980, Shimman's counsel filed for additional attorney fees. Despite defendants' opposition, the district court decided in favor of Shimman and awarded attorney fees on October 20, 1981. Local 18's attorney, William Fadel, filed both a Notice of Appeal and a Motion for Stay of Judgment Pending Appeal. There was dispute as to whether Fadel represented all defendants or only Local 18. The district court denied the Motion for Stay of Judgment on September 21, 1982. Due presumably to changes in defendants' counsel, the attorneys for the individual defendants were unaware of the award of attorney fees until several years later, thus inadvertently losing their opportunity to appeal the decision. The placement of fault for the attorneys' lack of information was also in dispute.
 
 
 3
 On October 21, 1983, the Sixth Circuit affirmed the district court's award of attorney fees for additional fees on appeal. On rehearing en banc, however, the Sixth Circuit reversed the district court's judgment, holding that the award of attorney fees for work done on appeal was not justified. Shimman v. International Union of Operating Engineers, Local 18, 744 F.2d 1226 (6th Cir. 1984) (en banc). Shimman's Petition for Writ of Certiorari with the United States Supreme Court was denied in 1985.
 
 
 4
 In an endeavor to conform to the en banc decision, the district court vacated its award of attorney fees not only as to the union but as to individual defendants, though only the union had appealed. Shimman then filed a motion to amend the judgment as as to vacate the attorney fees only with regard to Local 18, since Local 18 was the only defendant that had initially appealed the award. The district court overruled Shimman's motion and Shimman appealed. On January 30, 1986, the Sixth Circuit reversed the district court and ordered that the award of attorney fees against the individual defendants be reinstated inasmuch as they had never appealed the original order. Defendants' petition for rehearing en banc was denied in April 1986. The district court subsequently vacated its prior decision and reinstated the award of attorney fees against the individual defendants. On May 20, 1986, the individual defendants filed a Rule 60(b) motion for Relief from Judgment, which was overruled by the district court. The sole issue raised on appeal concerns whether the 60(b) motion was properly denied. More specifically, defendants contend that the lower court erred in denying their 60(b) motion since defendants were unaware of the initial, post-judgment attorney fee award; that the court failed to resolve all doubts in favor of individual defendants and to construe Rule 60(b) liberally; that the Rule 60(b) motion was filed within a reasonable time; that since defendants failed to receive notice of the prior judgment, there would have been no prejudice to Shimman if 60(b) relief had been awarded while substantial rights of defendants were adversely affected by the denial of relief; and that the court failed to appreciate the unique circumstances in the present case. In response, Shimman contends that the district court did not abuse its discretion in denying defendants' Rule 60(b)(6) motion because defendants failed to present evidence of any unusual or extraordinary circumstances surrounding their failure to file a Notice of Appeal; because the evidence indicates defendants' attorneys did receive timely notice of the attorney fees award; and because Attorney Fludine did represent defendants in opposing Shimman's fee application.
 
 
 5
 Upon a careful review of the record, with which the court is of course quite thoroughly familiar from the earlier appeals in this extended litigation, we are of the opinion that the district judge properly concluded in his opinion filed in the district court on August 25, 1986, that defendants' motion pursuant to Rule 60(b)(6), Fed. R. Civ. P., is not sufficiently compelling to merit disturbing a judgment which had been permitted to become final without the interposition of a timely appeal.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.